[No. 7639.]

## COUNTY OF LARIMER V. ANNIS.

1. WATER RIGHTS—*Adjudication of Priorities*—It seems that after the proceeding under the statute for the adjudication of priorities ·has gone to final decree, the same court may, in the same proceeding, entertain a supplemental petition, and adjust the priorities of consumers whose rights were initiated subsequent to such final decree, readjusting and renumbering all priorities from the beginning.

2. ——*Liability of County for Fees of Referee*—Under section 3300 of the Revised Statutes the counties embraced within a water district are liable for the fees of the referee, not only in the initial proceedings for adjusting priorities, but in a supplemental proceeding had under the original petition, on application of consumers whose rights were not determined by the first decree, but had their inception subsequent thereto.

3. PRACTICE IN THE SUPREME COURT—*Presumptions*—Unless the contrary appears it will ·be presumed that the inferior court was acting within its jurisdiction.

4. ——*What May be Assigned for Error*—A county having refused to pay the allowances made by the district court to the referee in a proceeding to adjudicate the priorities to the use of water, that court ordered each of the persons and corporations affected by the decree to pay into court their proportionate shares of the amount awarded to the referee, to be refunded to them if the award to the referee should be affirmed. *Held*, that the county was not affected thereby and would not be heard to complain thereof.

*Error to Larimer District Court.*—Hon. JAMES E. GARRIGUES, Judge.

Mr. T. J. LEFTWICH, for plaintiffs in error.

Messrs. LEE & AYLESWORTH, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This case was submitted to the trial court upon an agreed statement of fact. From this it appears that on the 4th day of October, 1902, the defendant in error was appointed by the district court of Larimer county, as referee in the matter of

water district No. 3, proceeding under the statute in such case provided for the adjudication of the rights of priorities to the use of water for reservoir purposes in said water district.

That in the discharge of his duties as such referee he rendered services for one hundred and twenty-five days, and which at the statutory fee of $6.00 per day, amounted to $750.00.

That he also incurred actual expenses in addition thereto in the sum of $986.20, making the total sum of the bill rendered, $1,736.20. It appears also that this water district embraced parts of both Weld and Larimer counties; that the judge of the court acting under the direction of the statute, in that respect, approved the said account for services and expenses, and divided it into two equal parts as provided by statute in such case, and certified to each of the said counties its proportionate share in the sum of $868.10. It appears that this account was paid by Weld county, but was disallowed by the board of county commissioners of Larimer county, and from such action an appeal was taken to the district court of that county. Upon the trial, judgment was rendered in favor of the defendant in error for the amount claimed as against the county, which judgment is now before us for review.

. The only serious objection to the judgment is, that the statute under which this proceeding was had, is intended to apply to what counsel refers to as an "initial proceeding," whatever that may be. That the services of such referee were not rendered in such a proceeding and therefore the public, and in this case the county, could not be held liable for the expense of the reference.

It would seem to be the contention of counsel for the county, that where an adjudication had been once had as to priorities in a district, under the statute applicable, that thereafter no other general adjudication of like character can be had; but that claims of adjustment or for the establishment of priorities of water rights must proceed as affecting purely pri-

vate rights, and the expense incurred should be that of the individuals, corporations or associations concerned.

No authorities are cited in support of this contention. The referee was appointed in this case, presumably under authority of sub-division B, chapter 72, Revised Statutes of 1908. The compensation for a referee is provided by sec. 3300 as follows:

"The referee appointed in this act shall be paid the sum of six dollars per day while engaged in discharging his duties as herein provided, and also his reasonable and necessary expenses and mileage at the rate of ten cents for each mile actually and necessarily traveled by him in going and coming in the discharge of his duties as such referee, which said per diem allowance, expenses and mileage shall be paid out of the treasury of the county in which such water district shall lie, if it be contained in one county, and if such water district shall extend into two or more counties, then in equal parts thereof, shall be paid out of the treasury of such county into which such district shall extend. He shall keep a just and true account of his services, expenses and mileage and present the same from time to time to the district court, or judge in vacation verifying the same by oath, and the judge, if he find the same correct and just, shall verify his approval thereof thereon, and the same shall thereupon be allowed by the board of county commissioners of the county in which said water district shall lie, but if said water district extend into two or more counties, he shall receive from the clerk of the district court separate certificates, under seal of the court, showing the amount due him from each county, upon which certificate the board of county commissioners of the respective counties shall allow the same on presentation thereof."

The agreed statement of fact as to a former proceeding in relation to the adjudication of water rights in said water district No. 3, is in substance as follows:

On or about the first day of August, 1879, proceedings were instituted in that county entitled, "In the matter of a certain petition for adjudication of priorities of rights to use of water for irrigation in water district No. 3;" that a decree therein was entered on the 11th day of April, 1882, adjudicating certain water rights in said district. That subsequent to the day last named, certain persons interested, petitioned for a further adjudication of water rights in said district, and that these proceedings culminated in a decree of that court on the 11th day of April, 1884, and which decree determined the respective rights of all persons who had applied in said supplementary proceedings, save and except the rights of the Larimer County Ditch Company for its ditches and reservoirs, and that the said proceedings were continued open with respect to said claimants, and leave given to adduce proof of the completion of said ditches and reservoirs, and of the application of water by such means to a beneficial use; that afterward such proof was adduced and a decree entered adjudicating the rights of said claimants with respect thereto, on October 12th, 1886. Further, that the proceeding leading up to the decree of November 11th, 1882, and all subsequent proceedings thereto, were numbered 320 of the serial numbers of the cases filed in that court.

The agreed statement then sets forth certain named priorities and awards, under the last two named supplementary decrees, but these are not identical with the priorities and claimants involved in the proceeding under consideration.

It is further stipulated that all of these several rights were numbered with respect to the decree entered April 11th, 1882, which required the re-numbering of all priorities decreed between the first day of August, 1879, and the 12th day of October, 1886.

It is further agreed that the adjudication proceeding in which the defendant in error was referee, concerned no rights which antedated the entry of the original decree of April 11th, 1882, and concerned only such rights for storage pur-

poses as had their inception subsequent to the last named date, except the Windsor Lake reservoir, owned by the claimants in these proceedings, upon which reservoir work was commenced between the first and fifteenth days of February, 1882, by the construction of an outlet ditch, the said reservoir being a natural basin having been filled for the first time during the year 1882, and subsequent to April 11th; and also excepting reservoirs 2, 3 and 4 of the Larimer County Ditch Company, work whereon was commenced April 21st, 1881, and not completed or in operation until after the 11th day of April, 1882. The priorities of the reservoir in the proceedings in which this plaintiff was referee, were numbered and considered independently of said former proceedings, also that in the proceedings which culminated in a decree dated December 9th, 1904, sixty-four separate reservoir priorities were awarded, ten of which antedated the 11th day of April, 1884; priorities No. 10 for the Richards reservoir, belonging to the Water Supply and Storage Company, being of the date of January 17th, 1884, and that fifteen of said priorities so awarded antedated the 12th day of October, 1886; priorities No. 15 belonging to reservoir claimants No. 8, the Dickson Canon Ditch and Reservoir Company for the Dickson Canon reservoir being dated October 8th, 1885, which priority is the last numbered priority prior in time, to four years subsequent to the date of the entry of the decree of April 11th, 1884.

This is all the information before this court for its consideration of the contention of counsel for the county, as it relates to prior proceedings in adjudication.

There seems to have been thirty-two water priorities involved in the proceeding in which the defendant in error acted as referee, owned by as many different persons, associations and corporations. But the record does not disclose the nature and character of such proceeding so as to convey even a suggestion of the issues involved or the scope of the action.

There is certainly not sufficient in the showing here to enable this court to review that case so as to determine the regularity and validity of the proceeding, even were it proper to do so in this case.  We must therefore, presume for the purpose of this action, that the court was acting within its jurisdiction and that all parties were within their rights.  No objection is presented here and no right asserted by any claimant of a water right in that water district, and we can scarcely sustain the contention of the county without declaring the court to have been without jurisdiction in rendering the decree in that case.

The court also entered an order requiring all of the persons, associations and corporations affected by the decree, to pay into the court their proportionate share of the expense herein involved, for use of the defendant in error, pending this hearing, and that if the judgment in this case rendered shall be sustained, that the sum so recovered from the county, is to be paid into court and in the manner provided in the order, and repaid to the several contributors.  It is contended that such order is in effect a double payment to the defendant in error for his services and expenses.  This contention is not tenable.  Beside, it is not for the county to complain of such order, for it is in no wise affected by it.

Complaint is further made that the item of stenographer's fees in the account so allowed by the court is excessive.  The court made a finding and made its certificate of such finding as required by the statute.  We see no reason to disturb it.

The judgment is affirmed.

CHIEF JUSTICE MUSSER and JUSTICE HILL concurring.